# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SAMORIE AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| vs. ) | No. _____ |
| ) | |
| X-GOLF ALPHARETTA, JOHN ) | |
| VAUTOUR, X-GOLF AMERICA, ) | |
| INC. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Samorie Austin, by and through counsel, files this Complaint against Defendants X-Golf Alpharetta, John Vautour, and X-Golf, America Inc. (collectively "Defendants" or "X-Golf") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and 29 U.S.C. § 215 (a)(3)., by failing to pay Plaintiff proper minimum wage, overtime wages, and for retaliation. Plaintiff seeks to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises because Defendants invalid and illegal tip pool and

improperly withheld Plaintiff's tips in violation of the FLSA and Defendants' failure to properly calculate and pay Plaintiff's minimum wages during the period three years prior to the filing of this lawsuit.

2. Defendants terminated Plaintiff's employment for complaining about Defendants improper and illegal tip pool, and minimum wage violations.

3. The failure to pay proper wages is actionable against "employers" and "joint employers" under the FLSA.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3. Plaintiff is a resident of Georgia in this judicial district and division.

4. Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C. § 201 et seq. and 29 U.S.C. § 203(e).

5. Defendant X-Golf Alpharetta is the entity listed as the payor on Plaintiff's pay stub, but X-Golf Alpharetta is not registered with the Georgia

Secretary of State.

6. Defendant X-Golf Alpharetta operates a business located at 6600 Town Square, Suite 1530, Alpharetta, GA 30005.

7. Defendant X-Golf Alpharetta had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

8. At all relevant times, Defendant Vautour was the owner, general manager, and/or primary decision maker for X-Golf Alpharetta.

9. Defendant Vautour can be served at 6600 Town Square, Suite 1530, Alpharetta, GA 30005.

10. Defendant X-Golf America, Inc. is a California corporation with its principal place of business on file with the California Secretary of State as 1963 Del Amo Boulevard, Torrance, CA 90501.

11. Defendant X-Golf America can be served through its registered agent, Bong Sung Huh, 13506 Mt. Craig Cir, La Mirada, CA 90638.

12. Defendant X-Golf America had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

13. At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a). Defendants' gross revenue

exceeds $500,000.00 per year.

14.     Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

15.     Defendants own and operate X-Golf Alpharetta located at 6600 Town Square, Alpharetta, GA 30005 ("X-Golf Alpharetta").

**A. Defendant Vautour is Individually Liability for the FLSA Violations.**

16.     At all relevant times, Defendant Vautour was the owner, general manager, and/or primary decision maker for X-Golf Alpharetta; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; and approved Plaintiff's hours and days off.

17.     At all relevant times, Defendant Vautour as an owner, general manager, and/or primary decision maker for X-Golf Alpharetta, made the decision of what to pay Plaintiff and to withhold minimum wage compensation in violation of the FLSA.

18.     At all relevant times, Defendant Vautour exercised sufficient control over Plaintiff to cause Defendant Vautour to be individually liable for the FLSA violations.

**B. Plaintiff's Employment with Defendants.**

19. Plaintiff was employed at X-Golf Alpharetta as a server.

20. Defendants X-Golf Alpharetta and Vautour hired Plaintiff in approximately November 2023.

21. Plaintiff's employment at X-Golf Alpharetta ended in approximately January 2024.

22. At all relevant times, Plaintiff was an "employee" of Defendants as that term is used in 29 U.S.C. § 203(e)(1).

23. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

24. At all relevant times, Plaintiff was a non-exempt employee for Defendants.

**C. Defendants Denied Plaintiff Earned Wages.**

25. At all relevant times, Defendants paid Plaintiff a tip credit wage (less than minimum wage) for all hours worked at X-Golf Alpharetta.

26. Federal law permits Defendants to pay employees less than the minimum wage so long as they are working a tipped occupation and able to earn tips.

   **1. Plaintiff' Improperly Withheld Tips.**

27. Defendants improperly deducted a percentage from Plaintiff's tips.

28. Federal law permits Defendants to require Plaintiff to participate in a valid tip pool with other customarily tipped employees. However, a tip pool cannot include non-tipped employees such as cooks, dishwashers, or managers.

29. Defendants improperly required Plaintiff to share tips with general manager Vautour and other back of house employees.

30. Defendants improperly required Plaintiff to participate in an illegal tip pool.

31. Defendants willfully and/or deliberately withheld Plaintiff's tips in violation of the FLSA.

32. Defendants maintained records of gross sales and tips that Plaintiff earned at X-Golf Alpharetta.

**2. Wage claims for non-customer service duties.**

33. Federal law prohibits Defendants from utilizing the tip credit when requiring employees to perform non-tip-producing tasks that are not contemporaneous with tip-producing activities or are not for reasonable times immediately before or after performing contemporaneous tipped activities.

34. While employed as a server, Plaintiff was routinely assigned opening and closing duties that included non-tipped, maintenance-type, food prep, cleaning, and non-customer service duties while employed by Defendants.

6

35. These opening and closing duties were not contemporaneous with customer service, were substantial, and amounted to a separate, non-tipped occupation.

36. These opening and closing duties were not contemporaneous with customer service duties.

37. These opening and closing duties were performed both before and after customer service and for extensive periods of time that were not reasonable times immediately before or after tipped activities.

38. Plaintiff' opening and closing server duties extended to the entire X-Golf Alpharetta beyond areas where they served customers.

39. Plaintiff's mandatory opening and closing server duties consumed a substantial portion of the workday, were more than "part of the time" that Plaintiff worked, were for times longer than a few minutes, and longer than *de minimis* time periods.

40. The opening duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time before serving customers and before X-Golf Alpharetta opened for the day.

41. The closing duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time after serving customers

and after X-Golf Alpharetta closed for the day.

42. Such opening and closing duties included, but were not limited to: extensive cleaning throughout X-Golf Alpharetta and in areas unrelated to server stations; restocking dressings, juices, syrup, sauces; clean and restock condiments; cleaning under tables and booths; cleaning the server alley and to-go station; cleaning and restocking the kitchen ad coolers; sweeping floors in X-Golf Alpharetta and kitchen; cleaning and restocking the drink station; cleaning and restocking the server station; cleaning trays and chairs; emptying trash; restocking ice.

43. There was a clear dividing line between Plaintiff and other Server's customer service duties and Plaintiff and other Server's non-customer service, opening and closing duties, particularly because extensive non-customer service duties were required before and after X-Golf Alpharetta was open for the day, and before Plaintiff was assigned a customer and after Plaintiff' customers were served.

44. While employed as a server and serving customers, Plaintiff was routinely assigned contemporaneous duties that included non-tipped, maintenance-type, managerial, food prep, cleaning and non-customer service duties while employed by Defendants.

45. Plaintiff's non-serving duties accounted for over 20% of his time

8

working at X-Golf Alpharetta on any workday.

46. The contemporaneous duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time during Plaintiff and other Server's shift.

47. Defendants terminated Plaintiff's employment after Plaintiff complained about Defendants improper and illegal tip pool, Plaintiff's excessive non-tipped duties, and Defendants' failure to pay Plaintiff minimum wage.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

48. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

49. At all relevant times, Defendants were Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

51. At all relevant times, Defendants improperly withheld Plaintiff's tips in violation of the FLSA.

52. At all relevant times, Defendants improperly took a tip credit against

Plaintiff's wages.

53. At all relevant times, Defendants failed to compensate Plaintiff at the applicable federal minimum wage.

54. As a result of Defendant's willful failure to pay Plaintiff the appropriate wage, Defendant violated the FLSA, 29 U.S.C. §§ 206 and 215(a).

55. Defendants' conduct of failing to pay minimum wage constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56. Due to Defendants' FLSA violations, Plaintiff was damaged and are entitled to recover from Defendants compensation for unpaid minimum wage; improperly withheld tips; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS
## RETALIATION

57. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

58. The FLSA prohibits Defendants from retaliating against Plaintiff for complaining about and requesting proper wages. 29 U.S.C. § 215 (a)(3).

59. Plaintiff engaged in statutorily protected activity by complaining of

Defendants' failure to pay minimum wage as required by the FLSA.

60. When Plaintiff engaged in the protected activity of complaining of Defendants' failure to pay proper wages, Defendants subjected Plaintiff to adverse employment actions such as terminating his employment, which constitutes unlawful retaliation in violation of the FLSA.

61. There was a causal connection between Plaintiff's protected activity and the termination of his employment.

62. As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic and non-pecuniary damages.

63. Defendants are therefore liable for the damages proximately caused by its retaliation.

64. Defendants willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Consequently, Plaintiff is entitled to recover punitive damages.

65. Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to such legal or equitable relief as may be appropriate to effectuate the purposes of the FLSA. Plaintiff's relief includes, without limitation, employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and reasonable attorney fees and costs of litigation, and all other relief

recoverable under 42 U.S.C. § 1981 and the statutes providing for relief for violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff demands a trial by jury and request that this Court grant the following relief against Defendants:

A.   An award of compensation for unpaid wages and improperly withheld tips to Plaintiff;

B.   An award of all liquidated damages for unpaid wages and improperly withheld tips to Plaintiff;

C.   All such legal or equitable relief available pursuant to 29 U.S.C. § 216;

D.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

E.   Such other and further relief as this Court deems just and proper.

Respectfully submitted this May 13, 2024.

>   **HALL & LAMPROS, LLP**
>
>   /s/ *Doug Blatecky*
>   Christopher B. Hall
>   Georgia Bar No. 3018380
>   Doug Blatecky
>   Ga. Bar # 747274

300 Galleria Parkway,
Suite 300

Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
doug@hallandlampros.com

*Attorneys for Plaintiff*


Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.